# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | |
|---|---|
| TIMOTHY ELLIS | CIVIL ACTION NO. 3:18-CV-00725 |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| GREAT WEST CAUALTY COMPANY | MAG. JUDGE KAREN L. HAYES |

## RULING

Plaintiff Timothy Ellis ("Ellis") brought this lawsuit against State Farm Mutual Automobile Insurance Company ("State Farm") and Great West Casualty Company ("GWCC") seeking damages for injuries he allegedly sustained in an accident on Interstate 20 near Monroe in Ouachita Parish, Louisiana, on July 14, 2016. Ellis sued State Farm[1], the alleged insurer of the other driver involved in the accident, and GWCC, the alleged Uninsured/Underinsured Motorist ("U/M") insurance carrier of Transport America, the owner of the 18-wheeler Ellis was driving at the time of the accident.

Pending before the Court is a Motion for Summary Judgment [Doc. No. 8] filed by GWCC on the basis there is either limited or no U/M coverage under the GWCC policies. Ellis has filed an opposition [Doc. No. 12]. For the following reasons, the Motion for Summary Judgment is **GRANTED**.

## I.   FACTS:

Ellis originally filed his petition for damages in the Fourth Judicial District Court for Ouachita Parish, Louisiana, and it was subsequently removed to this Court.

---

[1] State Farm was dismissed as a defendant by the state court prior to removal.

On the day of the accident, Ellis was operating a 2016 Freightliner owned by his employer, Transport America, and proceeding in a westerly direction on Interstate 20, in Ouachita Parish, Louisiana. At the same time, Christopher Moss ("Moss") was operating a 2015 Dodge Challenger in an easterly direction on Interstate 20. For unknown reasons, Moss's vehicle crossed the median of Interstate 20 and then continued into the westbound lane directly into the path of the Freightliner operated by Ellis. A violent collision between the vehicles occurred, and Moss was tragically killed in the accident. Ellis contends he sustained serious injuries for which Moss was solely at fault.

Ellis sued Moss's insurer, State Farm, and that claim has been resolved, but Ellis contends the State Farm policy is inadequate to fairly compensate him for his injuries. As a consequence, Moss was an "under-insured motorist".[2] Ellis sued GWCC, as the alleged U/M insurance carrier for Transport America.

Ellis is a resident and domiciliary of Brandon, Florida. Transport America is a Minnesota trucking corporation servicing much of the continental United States. Thus, this lawsuit arises from an accident in Louisiana, with a Florida resident claiming U/M coverage under an insurance policy delivered in Minnesota to a Minnesota corporation.

For the years 2009 through 2016, Transport America had in force commercial lines policies of insurance with GWCC (hereinafter "Policies") which were renewed on a yearly basis and all delivered in Minnesota. The insurance limits of the Policies were unchanged between 2009 through 2016.

---

[2] For purposes of this motion, GWCC does not challenge Ellis's contention that Moss was an under-insured motorist.

On June 29, 2018, GWCC filed the instant motion for summary judgment. GWCC seeks a judicial determination regarding U/M coverage (or lack thereof) for the policy period covering the date of the accident, July 14, 2016.

The motion is fully briefed, and the Court is prepared to rule.

## II. LAW AND ANALYSIS

### A. Standard of Review

Under Federal Rule of Civil Procedure 56(a), "[a] party may move for summary judgment, identifying each claim or defense--or the part of each claim or defense--on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party bears the initial burden of informing the court of the basis for its motion by identifying portions of the record which highlight the absence of genuine issues of material fact. *Topalian v. Ehrmann*, 954 F.2d 1125, 1132 (5th Cir. 1992); *see also* FED. R. CIV. P. 56(c)(1) ("A party asserting that a fact cannot be . . . disputed must support the assertion by . . . citing to particular parts of materials in the record . . . ). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id.*

If the moving party can meet the initial burden, the burden then shifts to the nonmoving party to establish the existence of a genuine issue of material fact for trial. *Norman v. Apache*

*Corp.*, 19 F.3d 1017, 1023 (5th Cir. 1994). In evaluating the evidence tendered by the parties, the Court must accept the evidence of the non-movant as credible and draw all justifiable inferences in its favor. *Anderson*, 477 U.S. at 255.

**B. Analysis**

In the instant motion for summary judgment, GWCC contends that the Court must analyze Louisiana's choice-of-law codal provisions and related case-law to determine if Minnesota, Florida, or Louisiana law governs Ellis' U/M claim against GWCC. If the Court determines Minnesota law applies, GWCC asserts that partial summary judgment should be granted finding the Minnesota statutorily mandated minimum U/M policy limit of $25,000 applies. If the Court determines Florida or Louisiana law applies, GWCC asserts that summary judgment should be granted dismissing Ellis' claims against GWCC with prejudice, on the basis that Transport America validly rejected U/M coverage in Florida and Louisiana.

Ellis, on the other hand, contends that regardless of which state's laws apply, the result is the same: Transport America did not validly reject U/M coverage for accidents occurring in the State of Louisiana because the U/M selection form for Louisiana was not dated. Ellis alleges that Transport America obtained a policy of commercial automobile liability insurance with GWCC in an effort to protect itself and to comply with the laws of the various states. In doing so, GWCC presented Transport America with UM coverage forms for each state in which they conduct business, including Louisiana. Ellis disputes GWCC's contention that if the Court agrees that another state's laws apply, the amount of coverage afforded for accidents occurring in Louisiana will be different. Ellis argues that the only way that the coverage amounts would vary would be if the accident occurred in a different state. For example, if the accident occurred in Minnesota, then the Minnesota U/M insurance limit would be only $25,000, based on the U/M

selection form executed by Transport America and attached to the policy at issue. However, because the accident occurred in Louisiana, Louisiana law applies, and because U/M insurance coverage was not validly rejected under Louisiana because of the undated form, GWCC therefore owes to Ellis U/M insurance coverage in the same amounts as the liability limits of the policy at issue.

In a diversity action, federal courts apply state substantive law. *Erie v. Tompkins,* 304 U.S. 64, 78-80, 58 S.Ct. 817 (1938). In deciding which state's substantive law governs a dispute, the court should apply the choice-of-law rules of the state in which the actions was filed, in this case, Louisiana. *See Klaxon Co. v. Stenter Elec. Mfg. Co.,* 313 U.S. 487, 496, (1991); *Smith v. Waste Mgmt., Inc.,* 407 F.3d 381, 384 (5th Cir. 2005). Louisiana's Conflict of Laws set forth in La. Civ. Code arts. 3515 and 3537 (and related case-law) require the balancing of competing interests between states. The objective of these provisions is to identify the state whose policies would be most seriously impaired if its laws were not applied to the issue at hand. With respect to the instant case, the law of the state applicable to the insurance contract and its U/M coverage is determined by evaluating the strength and pertinence of the relevant policies of the involved states in light of the factors set forth in those Civil Code articles and in *Champagne v. Ward,* 893 So.2d 773 (La. 2005).

In *Champagne*, the Louisiana Supreme Court established the framework to be applied when assessing choice-of-law determinations in U/M cases involving out-of-state insureds with foreign insurance policies involved in accidents in Louisiana. The first step is to determine whether a conflict exists between the U/M laws of the interested states, here, Minnesota, Florida, and Louisiana. The second step calls for a choice-of-law determination based on the "serious impairment" test established in *Champagne* and articles 3515 and 3537, and determination of

5

which state's substantive law will apply in this case. The final step calls for the Court to reach a determination under the appropriate state law and related effective selection/rejection of U/M coverage by Transport America.

The first step of the *Champagne* analysis requires the Court to compare the U/M statutes of Minnesota, Florida, and Louisiana to determine whether there are differences. Minnesota prescribes to a mandatory U/M coverage regime codified in Minn. Stat. § 65B.49, requiring minimum U/M coverage of $25,000, which cannot be waived. Florida's U/M statute, 2016 Fla. Stat. § 627.727, allows for a full rejection of U/M coverage, or a selection of specified U/M limits, as does Louisiana's statute, La.Rev.Stat. § 22:1295. Although both Florida and Louisiana provide for a voluntary opt-out of coverage by the named insured upon execution of the prescribed forms, Florida differs from Louisiana in that Florida requires a U/M claimant to tender a settlement to the U/M insurer; places limitations on the recovery of pain, suffering, mental anguish and inconvenience; and allows for attorney's fees under certain circumstances, all of which significantly and materially differ from the Louisiana U/M statute. Thus, in view of these differences, step one is satisfied.

Given the existence of substantial differences between the U/M laws of Minnesota, Florida and Louisiana, *Champagne* directs the Court to proceed to step two to conduct a conflict analysis for purposes of determining the applicable state substantive law.

In *Champagne*, the accident at issue occurred in Louisiana, the plaintiff was a resident of Mississippi, and the vehicle he was driving was covered by a policy of insurance with Mississippi Farm Bureau, negotiated and issued in Mississippi, with $10,000 in U/M coverage. The defendant was a resident of Louisiana and was driving a vehicle covered by a policy of insurance negotiated and issued in Louisiana, with a $10,000 limit of liability. The plaintiff's

6

Mississippi Farm Bureau policy of insurance contained a "dollar for dollar" setoff regarding U/M coverage. Therefore, if Mississippi law applied, U/M benefits would be unavailable to the plaintiff, because he had $10,000 in U/M coverage and the tortfeasor defendant had $10,000 in liability coverage. If Louisiana law applied, there would be no setoff, and plaintiff could recover U/M benefits.

The Louisiana Supreme Court held that Mississippi U/M law applied. The court noted that Louisiana had a strong interest in promoting full recovery for innocent automobile accident victims, as evidenced under its U/M law. *Id*. at 777. However, Mississippi had an interest in regulating its insurance industry and related contractual obligations. *Id*. at 788. The court noted that the application of Louisiana law would result in the abrogation of the Mississippi contract. See *Id* . Mississippi had a more substantial interest in the uniform application of its laws governing insurance contracts than Louisiana had in providing an insurance remedy to an out-of-state resident who was injured while transitorily within the borders of the state. *Id*. at 789; *See also Abraham v. State Farm Mut. Auto Ins. Co*., 465 F.3d 609, 611-12 (5th Cir. 2006), (applying Mississippi law to a U/M claim where the vehicle was insured in and garaged in Mississippi, but claimant was a dual resident of Mississippi and Louisiana, and the accident occurred in Louisiana).

In *Walker ex rel. Walker v. State Farm Mut. Auto. Ins. Co.,* 42,051 (La. App. 2 Cir. 04/04/07); 954 So.2d 847, the Second Circuit Court of Appeals conducted a *Champagne* conflict analysis with respect to a U/M claim filed by an Arkansas resident injured in Louisiana. At issue was whether Arkansas or Louisiana substantive law on the issue of U/M stacking applied with respect to interpreting U/M coverage under the subject insurance policy delivered in Arkansas to an Arkansas resident. *Id*. The *Walker* Court applied the *Champagne* framework and

7

determined there existed a conflict in laws between Louisiana and Arkansas on the issue of U/M stacking. *Id.* at 852. The court next performed a choice-of-law analysis, "governed by the law of the state 'whose policies would be most seriously impaired if its laws were not applied to that issue.'" *Id.*, (quoting La. Civ. Code arts. 3515 and 3537.) The court acknowledged Louisiana recognizes the interests of other states in regulating their own insurance industries and related contractual obligations. *Id.* [Citations omitted]. Further, "[t]he integrity of the contract is a substantial and real interest. The fact that Congress has allowed fifty states to have their own uniform system of regulations governing insurance strongly suggests this is a legitimate public purpose." *Id.* (*quoting Champagne*, 893 So.2d at 788).

The *Walker* court next examined the contact the parties had to Louisiana and found them to be "tenuous at best." *Id.* at 853. The accident occurred in Louisiana, but the plaintiffs were residents of Arkansas and the vehicle was garaged in Arkansas. *Id.* The insurance policy was negotiated and delivered in Arkansas. *Id.* The *Walker* Court found Arkansas' interests would be most seriously impaired if the subject policy were subjected to Louisiana law. *Id.* at 854. The decision was premised on two considerations. First, "out-of-state drivers and their insurers do not change their mutual intent to be governed by the laws of their own states simply by the fortuity of suffering an accident while driving through Louisiana."*Id.* at 853 (quoting *Rains v. Jones* 39,977, (La. App. 2 Cir. 12/22/04); 890 So.2d 747). Second, the court noted "in most cases in which the only connection to Louisiana is the happenstance that the accident occurred [in Louisiana] result in the application of the other state's law." *Id.* (citing to *Champagne v. Ward*, *supra*; *Rains v. Jones*, *supra*). Louisiana Courts have repeatedly found the other state to have more significant contacts to the dispute and have applied the other state's substantive law when Louisiana's interests are only implicated due to the fact the accident occurred in Louisiana.

In this case, an analysis of the contacts with each state shows that the Minnesota contacts include the following: (1) Transport America is a Minnesota corporation; (2) the policy of insurance at issue was negotiated and delivered in Minnesota; and (3) at the time of the accident, Ellis was an employee of Transport America, a Minnesota corporation. Florida's only contact with the case is Ellis' residence there. Louisiana's only contact is as the site of the accident.

The case law cited above indicates Louisiana, whose sole contact is the fact the accident occurred in its borders, is not the state with the most substantive interests to the controversy of this case. Nor is Florida. A reading of articles 3515 and 537 and the related case law leads to the conclusion Minnesota policies would be the most seriously impaired if its laws were not applied to this case. Specifically, the contract of insurance was delivered in Minnesota to a Minnesota corporation, and Minnesota has a mandatory minimum U/M coverage regime to protect the interests of Minnesota insureds. Therefore, at step two, the Court finds that Minnesota law applies

The final step calls for the Court to reach a determination under Minnesota law regarding the selection/rejection of U/M coverage by Transport America.

Mark Emmen, CFO of Transport America, who was duly authorized to act on behalf of Transport America, including authority to bind insurance coverage and select and/or reject U/M coverage, executed the forms included with GWCC Policy No. GWP50855J, for the applicable policy period from December 1, 2015, to December 1, 2016. On November 20, 2015, Transport America, through Mr. Emmen, selected the minimum policy amount for U/M coverage in Minnesota ($25,000). There is no material issue of fact genuinely in dispute in that regard. GWCC thus contends that this Court should grant partial summary judgment in its favor by

9

issuing judgment that Minnesota law applies, and Transport America selected U/M policy limits of $25,000.

The Court agrees with GWCC that under a *Champagne* conflict analysis, Minnesota law applies, and under Minnesota law, Transport America selected U/M policy limits of $25,000.

However, Ellis argues that there is no need to perform a "Conflict of Laws" analysis to the facts of this case. Regardless of which state's laws apply, the result is the same, he claims, because Transport America did not validly reject U/M insurance coverage for accidents occurring in the State of Louisiana. He cites Louisiana case law holding that in order for a U/M rejection form to be valid in Louisiana, it must be dated by the insured at the time of signature.

GWCC admits that on March 20, 2009, Mr. Emmen, while executing U/M rejection forms specific to various states, executed a Louisiana U/M rejection form which was not dated due to the inadvertence and error of the insurance broker in preparing the form. (The rejection, if valid, would have applied to future renewals of the policy, including the one in force on the date of this accident). The forms Mr. Emmen signed were prepared by Jim Daly, of Daly Agency, Inc., the insurance broker for Transport America, and Mr. Daly's assistant, Sharon Thibault. In the process of preparing the forms, Ms. Thibault placed stickers on multiple pages of the policy paperwork. Through inadvertence and error a sticker was placed on the Louisiana U/M Rejection Form in the area where Mr. Emmen was to date it, which resulted in Mr. Emmen not dating the Louisiana U/M Rejection Form, although he dated the other states' forms. GWCC nevertheless argues that failure to date the form does not disqualify it for effectively rejecting U/M coverage, as more recent Louisiana case law has retreated from applying form over substance.

Ellis responds that Transport America anticipated or expected that Louisiana law would govern any accidents that may occur in Louisiana, as evidenced by the fact that they attempted to reject U/M coverage in Louisiana by executing a Louisiana U/M Selection/Rejection Form. He further contends that if Transport America did not intend to do business in Louisiana and did not intend to be governed by Louisiana's laws relative to motor vehicle accidents occurring in this State, then there would have been no reason to execute this document at all.

Although Ellis makes a compelling argument that the Louisiana U/M rejection form executed by GWCC is invalid, that does not change the result here because Minnesota, not Louisiana, law applies. The facts of this case are very similar to the facts in *Champagne* and *Walker,* where the only connection that Louisiana had was the fact that the accident happened in Louisiana. As in those cases, application of Louisiana law would result in the abrogation of the Minnesota contract, and Minnesota clearly has a more substantial interest in the uniform application of its laws governing insurance contracts than Louisiana has in providing an insurance remedy to an out-of-state resident who was injured while transitorily and fortuitously within the borders of the state.

This Court concludes that, under a *Champagne* conflict analysis, Minnesota law applies, and under Minnesota law, Transport America selected U/M policy limits of $25,000. Therefore, GWCC is entitled to partial summary judgment holding that the Minnesota statutorily mandated minimum U/M policy limit of $25,000 applies. Accordingly, it is not necessary for the Court to rule on GWCC's alternative arguments that it is entitled to summary judgment in its favor dismissing Ellis' claims against GWCC with prejudice, on the basis that Transport America validly rejected U/M coverage in Florida and Louisiana, as that claim is moot.

**III.    CONCLUSION**

For the reasons set forth above, Defendant GWCC's Motion for Summary Judgment [Doc. No. 8] is **GRANTED IN PART** and **DENIED IN PART**.   To the extent GWCC requests partial summary judgment in its favor and against Ellis declaring Minnesota law applies and that the applicable GWCC policy is subject to U/M coverage limits of $25,000 per individual, the motion is **GRANTED.**  To the extent GWCC requests summary judgment in its favor and against Ellis on the basis there is no U/M coverage under the applicable GWCC policy and dismissing GWCC from this litigation, with prejudice, the motion is **DENIED AS MOOT**.

MONROE, LOUISIANA, this 2nd day of August, 2018.

_____
**TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE**